1
2
3
4
5
6
7
8                       IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLIE BROOKS

11              Plaintiff,                 No. 2:10-cv-00379 FCD KJN PS

12        vs.

13   LEGISLATIVE BILL ROOM

14              Defendant.                 <u>ORDER</u>

15   _____/

16

17          Plaintiff, a California state prisoner, is proceeding without counsel.  He filed a

18   complaint in the Northern District of California on February 9, 2009, alleging a violation of the

19   Freedom of Information Act for the California Legislative Bill Room's failure to send him copies

20   of certain senate and assembly bills upon request.  (Dkt. No. 1.)  Simultaneously, plaintiff filed

21   an in forma pauperis application.  (Dkt. Nos. 2, 4.)  On February 10, 2010, United States District

22   Judge Phyllis J. Hamilton found that venue was improper in the Northern District of California

23   and transferred this case to the Eastern District of California.  (Dkt. No. 5.)

24          This proceeding was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)

25   and Local Rule 302.  Plaintiff has submitted an in forma pauperis declaration that makes the

26   showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis

1

1    will be granted.

2          Plaintiff is nonetheless required to pay the statutory filing fee of $350.00 for this

3    action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial

4    partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order,

5    the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's

6    prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be

7    obligated to make monthly payments of twenty percent of the preceding month's income credited

8    to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency

9    to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the

10   filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

11         The determination that a plaintiff may proceed in forma pauperis does not

12   complete the required inquiry.  The court is required to screen complaints brought by prisoners

13   seeking relief against a governmental entity or officer or employee of a governmental entity.  28

14   U.S.C. § 1915A(a).  The court must dismiss, at any point, a complaint or portion thereof if the

15   prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon

16   which relief may be granted, or that seek monetary relief from a defendant who is immune from

17   such relief.  28 U.S.C. § 1915A(b)(1),(2).

18         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

19   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

20   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

21   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

22   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

23   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

24   Cir. 1989); Franklin, 745 F.2d at 1227.

25         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

26   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

1   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

2   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

3   (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

4   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

5   allegations sufficient "to raise a right to relief above the speculative level." Id.  However,

6   "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

7   notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

8   U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555).  In reviewing a complaint

9   under this standard, the court must accept as true the allegations of the complaint in question, id.,

10  and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416

11  U.S. 232, 236 (1974).

12          In addition to stating a cognizable claim, because federal courts are courts of

13  limited jurisdiction, this court must find that federal jurisdiction exists at all times.  Original

14  federal subject matter jurisdiction may be premised on two bases:  (1) federal question

15  jurisdiction, and (2) diversity jurisdiction.  District courts have federal question jurisdiction over

16  "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28

17  U.S.C. § 1331.  "A case 'arises under' federal law either where federal law creates the cause of

18  action or 'where the vindication of a right under state law necessarily turn[s] on some

19  construction of federal law.'"  Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89

20  (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation

21  Trust, 463 U.S. 1, 8-9 (1983)).  "[T]he presence or absence of federal-question jurisdiction is

22  governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists

23  only when a federal question is presented on the face of the plaintiff's properly pleaded

24  complaint."  Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1091 (9th Cir.

25  2009); Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10 n.9

26  (1983).  Additionally and alternatively, district courts have diversity jurisdiction over "all civil

1   actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

2   interest and costs," and the action is between:  "(1) citizens of different States; (2) citizens of a

3   State and citizens or subjects of a foreign state; (3) citizens of different States and in which

4   citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff

5   and citizens of a State or of different States."  28 U.S.C. § 1332; <u>Bautista v. Pan American World</u>

6   <u>Airlines, Inc.,</u> 828 F.2d 546, 552 (9th Cir. 1987).

7          A case presumably lies outside the jurisdiction of the federal courts unless

8   demonstrated otherwise.  <u>Kokkonen</u>, 511 U.S. 375, 376-78 (1994).  Lack of subject matter

9   jurisdiction may be raised at any time by either party or by the court.  <u>Attorneys Trust v.</u>

10  <u>Videotape Computer Products, Inc.</u>, 93 F.3d 593, 594-95 (9th Cir. 1996).  Moreover,

11  "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced."  <u>Merrell</u>

12  <u>Dow Pharm. Inc. v. Thompson</u>, 478 U.S. 804, 809 n. 6 (1986).

13         Here, plaintiff's complaint is a short and plain statement of the plaintiff's claim

14  for relief, meeting the pleading requirements of Federal Rule of Civil Procedure 8.  He requested

15  copies of certain California legislative bills from the defendant, the California Legislative Bill

16  Room, and has not received them.  Jurisdiction, however, is another matter.

17         Plaintiff states in a typewritten line at the top of his complaint that his complaint

18  is "by a prisoner under the Civil Rights Act, 42 U.S.C. § 1983."  Yet, no jurisdictional basis for

19  any such civil rights claim on the facts pled is apparent.  In order to find a violation of section

20  1983, a district court must find that the defendant acted "under color of state law" and deprived

21  the plaintiff of his right under federal law.  42 U.S.C. § 1983.  "Distinguishing between

22  'essentially fictitious' claims that do not invoke federal jurisdiction and those in which a fairly

23  debatable claim falls on the merits is essential if the federal courts are to remain tribunals of

24  limited jurisdiction."  <u>Goros v. County of Cook</u>, 489 F.3d 857, 860 (7th Cir. 2007) (quoting

25  <u>Bailey v. Patterson</u>, 369 U.S. 31, 33 (1962)).  It is unclear from the complaint what, if any,

26  violation of federal law exists for the alleged wrongful conduct.

4

1    In the body of his complaint, plaintiff more specifically avers that the Freedom of

2 Information Act ("FOIA") provides him a right to agency records.  (Dkt. No. 1 at 5.)  The FOIA

3 is a federal law which requires federal agencies to disclose information upon request unless such

4 information is exempt from disclosure.  5 U.S.C. § 552; Oregon Natural Desert Ass'n v. Locke,

5 572 F.3d 610, 614 (9th Cir. 2009).  The FOIA does not apply to state agencies.  See Grand Cent.

6 Partnership, Inc. v. Cuomo, 166 F.3d 472, 484 (2nd Cir. 1999).  Lacking a cognizable federal

7 claim, no federal question jurisdiction exists.

8    It is possible that plaintiff may be able to assert a state law claim under the

9 California Public Records Act.  See Cal. Govt. Code §§ 6253 et seq. (permitting inspection under

10 certain conditions of California state or local agency record).  However, that claim is a state law

11 rather than federal law claim.  Inclusion of this claim in an amended federal complaint will not

12 provide this federal court with subject matter jurisdiction over this action.

13    This court also lacks diversity jurisdiction over this action.  A federal court's

14 authority to hear cases in diversity is established by 28 U.S.C. § 1332.  "The diversity jurisdiction

15 statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court

16 against multiple defendants, each plaintiff must be diverse from each defendant.  That

17 compliance with the diversity statute, including its complete diversity requirement, is the *sine*

18 *qua non* of diversity jurisdiction was made clear in Newman-Green, Inc. v. Alfonzo-Larrain, 490

19 U.S. 826 (1989).  In a case involving claims against multiple defendants, "the plaintiff must meet

20 the requirements of the diversity statute for each defendant.  Id. at 829."  Lee v. American

21 National Insurance Company, 260 F.3d 997, 1004-05 (9th Cir. 2001) (fn and citations omitted).

22 Here, plaintiff is a California resident, domiciled in Crescent City, California.  Defendant, the

23 Legislative Bill Room,[1] is a California entity.  Because both the plaintiff and defendant are

24

_____

25    [1] It is unclear whether the Legislative Bill Room is an entity capable of being sued, and
whether this action should also include the California Department of General Services as a
26 defendant.  See State Publishing Website, November 14, 2008

1 citizens of the same state, California, no diversity exists.

2       Hence, the court is unable to determine a jurisdictional basis for this action.  The

3 complaint has not set forth a cognizable theory of federal law or a federal right, and does not

4 assert diversity jurisdiction.  "A party invoking the federal court's jurisdiction has the burden of

5 proving the actual existence of subject matter jurisdiction."  Thompson v. McCombe, 99 F.3d

6 352, 353 (9th Cir. 1996).  Plaintiff has failed to meet this burden.[2]

7       Because this is plaintiff's first attempt at pleading his action, and because he is a

8 pro se litigant, the court will grant plaintiff an opportunity to amend his complaint to assert a

9 claim supported by federal jurisdiction, if he can do so.  Plaintiff is informed that the court

10 cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local

11 Rule 220 requires that an amended complaint be complete in itself without reference to any prior

12 pleading.  This requirement exists because, as a general rule, an amended complaint supersedes

13 the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files

14 an amended complaint, the original pleading no longer serves any function in the case.

15 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

16 

17 http://www.osp.dgs.ca.gov/Services+Directory/Legislative+Bill+Room.htm (stating that "[t]he Legislative Bill Room (LBR) is part of the Office of State Publishing (OSP) in the Department of General Services.").

18 

19   [2]  Should plaintiff desire to proceed with his action, a California state court may be a more appropriate forum due to (1) lack of original federal jurisdiction; and (2) the Eleventh

20 Amendment of the United States Constitution.  The Eleventh Amendment prohibits federal courts from hearing suits brought against a state by its own citizens or citizens of other states.

21 Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  Claims seeking relief premised solely on a state's compliance with state law are barred by the Eleventh

22 Amendment.  See Suever v. Connell, 439 F.3d 1142, 1148 (9th Cir. 2006).  Eleventh Amendment immunity for state officials acting in their official capacities is limited to claims for

23 damages and does not apply to a claim for prospective injunctive relief to remedy ongoing violations of federal law.  See id.; Flint, 488 F.3d 816, 825 (9th Cir. 2007) (citing Will v. Mich.

24 Dep't of State Police, 491 U.S. 58, 71 n.10 (1989)).  Here, plaintiff appears to be seeking solely injunctive relief, namely delivery of the legislative bills at issue.  See Dkt. No. 1 at 5 ("The

25 Plaintiff in this case is only asking for information that should already be a part of [the] Public Record.")  However, to the extent plaintiff is seeking any damages for the state's failure to send

26 him copies of the requested bills, plaintiff's claim should not be brought in federal court due to the Eleventh Amendment.

of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is GRANTED.  (Dkt. No. 4.)

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is DISMISSED with leave to amend.  If plaintiff chooses to amend his complaint, he must be able to assert a proper basis for jurisdiction.  If plaintiff does not file an amended complaint within thirty days from the date of this order, this action may be dismissed.

4.  Within thirty days from the date of this order, if plaintiff chooses to amend his complaint, plaintiff must complete the attached Notice of Amendment and submit the following documents to the court:

a.  The completed Notice of Amendment; and

b.  An original and one copy of the Amended Complaint. Plaintiff's amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

5.  The Clerk of Court is ordered to REDACT the plaintiff's social security

////

////

////

////

number from his filings to date (see e.g., Dkt. No. 2 at 3).  Plaintiff is cautioned against including

his social security number on any future filings in this case.

DATED:  May 24, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLIE BROOKS,

      Plaintiff,                   No. 2:10-cv-0379 FCD KJN PS

      v.

LEGISLATIVE BILL ROOM,          <u>NOTICE OF AMENDMENT</u>

      Defendant.

_____/

      Plaintiff hereby submits the following document in compliance with the court's

order dated May __, 2010:

      _____     Amended Complaint

DATED:

                                    _____

                                    Plaintiff