IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLIE BROOKS

    Plaintiff,                      No. 2:10-cv-00379 FCD KJN PS

    vs.

LEGISLATIVE BILL ROOM

    Defendant.                   FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a California state prisoner, is proceeding in forma pauperis and without counsel. Plaintiff filed a complaint in the Northern District of California on February 9, 2009, alleging a violation of the Freedom of Information Act based upon the California Legislative Bill Room's alleged failure to send him copies of certain senate and assembly bills upon request. (Dkt. No. 1.) For the reasons stated below and pursuant to the court's screening obligation stated in 28 U.S.C. § 1915(e)(2), the undersigned recommends that plaintiff's amended complaint be dismissed with prejudice for failure to allege a proper basis for this court's subject matter jurisdiction.

        Because plaintiff is a prisoner seeking relief against a governmental entity or officer or employee of a governmental entity, the court screened plaintiff's original complaint pursuant to 28 U.S.C. § 1915A(a). In the court's order of May 24, 2010 (the "Order"), the court

dismissed the complaint with leave to amend after finding that it failed to assert any basis for subject matter jurisdiction. (Order, Dkt. No. 7.)

As to the existence of subject matter jurisdiction based upon a "federal question," the Order explained that the Freedom of Information Act ("FOIA") is a federal law requiring federal agencies to disclose information upon request unless such information is exempt from disclosure. (Order, Dkt. No. 7 (citing 5 U.S.C. § 552; Oregon Natural Desert Ass'n v. Locke, 572 F.3d 610, 614 (9th Cir. 2009).) The Order explained that plaintiff did not properly allege a FOIA violation because the FOIA does not apply to state agencies such as California's Legislative Bill Room. (Id. (citing Grand Cent. Partnership, Inc. v. Cuomo, 166 F.3d 473, 484 (2nd Cir. 1999); Mamarella v. County of Westchester, 898 F. Supp. 236, 237 (S.D.N.Y. 1995)).) Thus, as the Order explained, plaintiff did not plead the basis for federal question jurisdiction, and the court concluded that subject matter jurisdiction could not be premised on that ground. (Id.)

As to the existence of diversity jurisdiction, the Order explained that a federal court's authority to hear cases in "diversity" is established by 28 U.S.C. § 1332. (Id.) The Order explained that, to properly assert diversity jurisdiction, the plaintiff must allege "complete diversity" between the plaintiff and the Legislative Bill Room. (Id. at 5-6.) The Order noted that, on the facts pleaded within the complaint, both plaintiff and the Legislative Bill Room appear to be California residents. (Id.) The Order explained that, therefore, plaintiff had failed to plead the basis for diversity jurisdiction and thus that subject matter jurisdiction could not be premised on that ground. (Id.)

The Order gave plaintiff the opportunity to file an amended complaint to properly allege a basis for either federal question or diversity jurisdiction. (Id.) In response to the Order, the plaintiff filed a document captioned "AMENDED COMPLAINT." (Dkt. No. 10.) However, the plaintiff failed to make any material changes to the substance of his pleading. (Compare Dkt. No. 1 with Dkt. No. 10.) Indeed, the documents are substantively identical. Because plaintiff's

1 amended complaint is substantively identical to his original complaint, it too fails to state a basis
2 for subject matter jurisdiction.

3    As Plaintiff has received the opportunity to amend his pleading but has been
4 unable to remedy the shortcomings described above, the undersigned remains unable to
5 determine a jurisdictional basis for this action.[1]  (Compare Dkt. Nos. 1 & 10.)  Accordingly, the
6 undersigned recommends that plaintiff's amended complaint be dismissed with prejudice,
7 pursuant to the court's screening obligation stated in 28 U.S.C. § 1915(e)(2), for failure to allege
8 a proper basis for this court's subject matter jurisdiction.

9    For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

10   1.  Plaintiff's complaint be dismissed with prejudice for failure to allege a proper
11 basis for this court's federal subject matter jurisdiction; and

12   2.  The Clerk of the Court be directed to close this case.

13    These findings and recommendations are submitted to the United States District
14 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
15 days after being served with these findings and recommendations, any party may file written
16 objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).
17 Such a document should be captioned "Objections to Magistrate Judge's Findings and
18 Recommendations."  Any response to the objections shall be filed with the court and served on
19 all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).
20 ////
21 ////
22 ////
23

---

24   [1] As noted in the prior Order, plaintiff may be able to assert a state law claim under the California Public Records Act.  See Cal. Govt. Code §§ 6253 et seq. (permitting inspection under
25 certain conditions of California state or local agency record).  However, such claim is a state law rather than federal law claim, and plaintiff would have to allege it in state court.
26

1  Failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d
3  1153, 1156-57 (9th Cir. 1991).
4  DATED: January 28, 2011

```
                                    _____
                                    KENDALL J. NEWMAN
                                    UNITED STATES MAGISTRATE JUDGE
```

4